IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAVKAT NORMATOV and YULDUZ | : | |
| NORMATOV, his wife, | : | Electronically Filed |
| Plaintiffs | : | |
| | : | |
| v. | : | 1:19-CV-30 |
| | : | |
| ASIM DURIC and TAZ TRUCKING, INC., | : | |
| Defendants | : | |

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, Shavkat Normatov and Yulduz Normatov, his wife, by and through their attorneys, **Nicholas, Perot, Smith, Koehler & Wall, P.C.,** and files the following Complaint as follows:

1.     The Plaintiffs Shavkat Normatov and Yulduz Normatov are adult individuals, husband and wife, Missouri residents, residing at 707 Lepere Ave, Apt. H, St. Louis, Missouri 63132.

2.     The Defendant Asim Duric is an adult individual, New York resident, residing at 122 Evergreen Circle, Fairport, New York 14450.

3.     The Defendant TAZ Trucking, Inc. is a Kentucky corporation registered to do business in the Commonwealth of Pennsylvania and engaged in the business of over the road trucking transportation with a principal place of business at 5646 Old Nashville Road, Bowling Green, Kentucky 42104.

4.     At all times relevant to the herein action, Defendant Asim Duric was within the course and scope of his employment and acting as an agent, servant and/or employee of Defendant TAZ Trucking, Inc.

5.     That at all times relevant to the herein action, the Defendant TAZ Trucking, Inc., acted by and through its agents, servants, workmen, contractors and/or employees acting within

the scope of their agency, servitude, workmanship, contract and/or employment with Defendant.

6.     The above-captioned matter is brought under diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

7.     That on or about May 3, 2017, at approximately 1:00 a.m., the Plaintiff Shavkat Normatov was the operator of a 2011 Volvo tractor trailer combination eastbound on Interstate 90 and approaching the off ramp and on ramp of the highway at State Route 89, mile marker 41, in North East township, Erie County, Pennsylvania.

8.     Contemporaneous with Plaintiff's operation of his tractor trailer, Defendant Asim Duric, acting as an agent, servant and/or employee of Defendant TAZ Trucking, Inc., was operating a 2015 Volvo tractor trailer combination traveling eastbound and stopped partially in the traffic lane between the off ramp and on ramp of Exit 41.

9.     That Defendant Asim Duric was operating his tractor trailer with the permission, knowledge and consent, and in furtherance of the business purposes, of the Defendant TAZ Trucking, Inc.

10.     That at the above time and place, the front of Plaintiff's tractor trailer struck the rear of Defendant's stopped tractor trailer.

11.     As a direct result of Defendant's negligence and carelessness, as more fully set forth herein below, Plaintiff was violently shaken and suffered severe, serious and permanent injuries and permanent impairment of bodily functions including:

       a.     Blunt force trauma to head, torso, upper and lower extremities;

       b.     Hyper flexion/Hyper extension injury to cervical, thoracic, and lumbar spine;

       c.     Intervertebral disc injury C5-C6, C6-C7;

d.      Closed head injury;

e.      Concussion;

f.      Post Concussive Syndrome;

g.      Lacerations and abrasions to face;

h.      Right elbow avulsion fracture;

i.      Right shoulder contusion, strain, supraspinatus tear, impingement, bursitis, adhesive capsulitis, SLAP lesion and post traumatic arthritis requiring surgical repair;

j.      Right ankle sprain;

k.      Bilateral knee contusions and sprains;

l.      Right elbow contusion and sprain;

m.      Headaches;

n.      Left foot contusion;

o.      Extensor tendon injury right middle finger with deformity;

p.      Bite injury to tongue;

q.      Imbedded glass in right arm;

r.      Dizziness;

s.      Chronic neck, right shoulder, right elbow and right upper extremity radicular pain;

t.      Chronic low back pain;

u.      Loss of strength right upper extremity;

v.      Permanent scarring; and

w.      Shock to nerves and nervous system.

12.     That as a direct and proximate result of the aforementioned injuries suffered by Plaintiff, Shavkat Normatov, has suffered the following damages:

    a.     Plaintiff has suffered and will suffer great pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life's pleasures;

    b.     Plaintiff has been and will be required to expend large sums of money for surgical and medical attention, including physical therapy, hospitalization, medical supplies, surgical appliances, medicines and attendant's services;

    c.     Plaintiff has, and will, suffer a loss of wages and earning capacity; and

    d.     Plaintiff's general health, strength, and vitality have been impaired.

### COUNT I

### PLAINTIFF SHAVKAT NORMATOV v. DEFENDANT ASIM DURIC

### NEGLIGENCE

13.     The Plaintiffs incorporate Paragraphs 1 through 12 of the herein Complaint as if the same were set forth more fully at length.

14.     At all times relevant to the herein action, the Defendant Asim Duric had a duty of reasonable care in the operation of the commercial tractor trailer, owed directly to the Plaintiff.

15.     That the above-captioned accident was proximately and solely caused by the negligence and carelessness of Defendant, Asim Duric, in that he breached his duty of care in the following fashion:

    a.     In stopping his tractor trailer within the lanes of travel of I-90;

    b.     In stopping his tractor trailer where it would conflict with other traffic;

    c.     In failing to properly maintain his air braking system;

d.     In failing to completely move his tractor trailer from the roadway;

e.     In failing to recognize that his tractor trailer was not completely off the roadway;

f.     In failing to appropriately operate the tractor trailer so as to avoid a collision with the Plaintiff's tractor trailer;

g.     In failing to properly warn the Plaintiff by placement of flares, cones or warning signs;

h.     In failing to pay proper and reasonable attention to other vehicles, including the Plaintiff's tractor trailer;

i.     In operating the tractor trailer without due regard for the rights, safety and position of the Plaintiff's tractor trailer;

j.     In operating the tractor trailer in question when he was not physically and/or emotionally fit to operate a motor vehicle; and

k.     In failing to comply with the laws rules and regulations of the Pennsylvania  Motor Vehicle Code specifically:

    a.     75 Pa. C.S.A., § 3714 (Careless Driving);
    b.     § 3353 (A)(2)(VII) (Illegal Park Limited Access Highway); and
    c.     § 4530 (B)(Failure to Display warning).

WHEREFORE, the Plaintiffs respectfully request this Honorable Court award the Plaintiffs an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against all Defendants, jointly and severally.


**COUNT II**

**PLAINTIFF SHAVKAT NORMATOV v. DEFENDANT TAZ TRUCKING, INC.**

**RESPONDEANT SUPERIOR/CORPORATE NEGLIGENCE**

16.     The Plaintiffs incorporate Paragraphs 1 through 15 of the herein Complaint as if the same were set forth more fully at length.

17.     As employer and/or contractor of Defendant Asim Duric, Defendant TAZ

Trucking, Inc. is responsible under the doctrine of respondeat superior for the negligent and careless actions and/or inactions of its employee and/or contractor, Defendant Asim Duric and the injuries and damages caused to the Plaintiffs as a result of this accident.

18.     Moreover, at all times relevant to the herein action, the Defendant corporation TAZ Trucking, Inc., owed a duty of reasonable care to third parties that its employees encounter, which includes Plaintiff.

19.     Under the Doctrine of Corporate Negligence, the Defendant corporation had duties of reasonable care, including the following:

       a.     Reasonable care and maintenance of safe and adequate tractor trailer equipment;

       b.     In selecting and retaining only competent drivers;

       c.     Overseeing all drivers who operate its vehicles on its behalf; and

       d.     Formulating, adopting and enforcing adequate rules and policies to ensure quality services and safe operation of their motor vehicles.

20.     Said corporate Defendant deviated from said duty of reasonable care in the following manners:

       a.     In failing to appropriately care for and maintain the tractor trailer in question;

       b.     In selecting and retaining Defendant Asim Duric when said Defendant knew or should have known that he was not a competent driver;

       c.     In failing to supervise and oversee Defendant Asim Duric in his operation of the tractor trailer in question as well as his driving habits; and

       d.     In failing to appropriate formulate, adopt and enforce adequate rules and policies to ensure safe and adequate operation of its motor vehicles by its drivers.

WHEREFORE, the Plaintiffs respectfully request this Honorable Court award the Plaintiffs an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against all

Defendants, jointly and severally.

**COUNT III**

**PLAINTIFF YULDUZ NORMATOV v. DEFENDANTS ASIM DURIC
and TAZ TRUCKING, INC.**

**LOSS OF CONSORTIUM**

21.     The Plaintiffs incorporate Paragraphs 1 through 20 of the herein Complaint as if

the same were set forth more fully at length.

22.     As a direct and proximate result of the above Defendants' negligence, Plaintiff

Yulduz Normatov has been deprived of the society, companionship, contributions and

consortium or her husband, Plaintiff Shavkat Normatov, to her great detriment and loss.  Plaintiff

Yulduz Normatov has also suffered a disruption of her daily living habits and a loss of

enjoyment of life.

WHEREFORE, the Plaintiff Yulduz Normatov respectfully request this Honorable Court

award Plaintiffs an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against all

Defendants, jointly and severally.

**A JURY TRIAL OF TWELVE (12) IS DEMANDED**

Respectfully submitted,

NICHOLAS, PEROT, SMITH, KOEHLER & WALL, P.C.

BY   s/Michael J. Koehler, Esquire
          Michael J. Koehler, Esquire
          Pa. I.D. 56195
          2527 West 26th Street
          Erie, Pennsylvania 16506
          (814) 833-8851
          *Attorney for Plaintiffs*